**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In re** <br><br> **LUDOVIC AND EVELYNE YOYO,** <br><br>                **Debtors** <br><br><br> **LUDOVIC AND EVELYNE YOYO,** <br><br>                **Plaintiffs** <br><br> **v.** <br><br><br> **AMC MORTGAGE SERVICES, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY and CITY RESIDENTIAL** <br><br>                **Defendants** <br> . | **Chapter 13** <br> **Case No. 07-17465-RS** <br><br><br><br><br> **Adversary Proceeding** <br> **No. 07-01425** |

**PRELIMINARY INJUNCTION**

    The Debtors have filed a complaint to set aside the foreclosure of a mortgage on their residence[1] and incident thereto have filed a motion for preliminary injunction, seeking to enjoin the Defendants, during the pendency of this action, from enforcing a judgment for possession of that residence or otherwise interfering with the Debtors' possession and enjoyment thereof.[2]  In

---

    [1]The residential property at issue is located at 216 Highland Street, Brockton, Massachusetts.

    [2]Absent the relief requested herein, the Debtors must vacate the residence on December 1, 2007.

opposition to the motion for preliminary injunction, the Defendant mortgagee argues that its foreclosure was conducted properly, but also that, in an Agreement for Judgment that it entered into with the Debtors in a prepetition state court action for possession of the premises, the Debtors waived their right to seek a stay of execution and also agreed to a time limit, which has now lapsed, on their ability to challenge the validity of the foreclosure sale. The Court held a hearing on the motion on due notice to the Defendants and now renders its ruling.

There are two questions for the Court: *first,* whether a pre-petition, state court agreement for judgment of possession, and particularly the foreclosure challenge deadline and waiver provisions[3] thereof, bar the request by the Debtors in this court for foreclosure-related relief ("Agreement") ("Waiver") ("Deadline"); and *second,* if there is no such bar, whether injunctive relief is warranted.

I find that Defendant Deutsche Bank ("the Mortgagee") did enter into an agreement for judgment with the Debtors. In relevant part, the Agreement states:

> Defendants [the Debtors] hereby waive all rights of appeal including transfer and waive all rights to request a stay of execution regardless or reason or circumstance. Defendants reserve the right to file a challenge to the underlying foreclosure action within twenty days from the date of this agreement [*i.e.*, August 23, 2007].

The Mortgagee maintains that the first sentence bars this motion for preliminary injunction, which in essence seeks a stay of execution. And it maintains that the second sentence, in setting a deadline for filing a challenge to the foreclosure sale that lapsed approximately two months before this action was commenced, bars the underlying action entirely and, in doing so,

---

[3]Under the Agreement, the Debtors waive their right to challenge the foreclosure after the expiration of the Deadline. The deadline expired on September 12, 2007. The Debtor filed this adversary proceeding on November 26, 2007.

establishes that the Debtors cannot establish the first requirement of a preliminary injunction, a likelihood of success on the merits. The Debtors contend that the deadline should not be enforced because Debtor Ludovic Yoyo was prevented during this period by his struggle with cancer from taking any action, but also that the Mortgagee itself rendered the 20 day period useless by, in violation of its duty of good faith, refusing to produce an accounting of the foreclosure sale, of the procedure employed in conducting it, and other evidence necessary for the Debtors to enable the filing of a complaint within the 20 day period.

I make the following findings and rulings on these issues. *First,* the waiver of the right to seek a stay of execution, though categorical if read standing alone, is subject to the later-inserted sentence that follows it, which carved out a right to challenge the foreclosure sale. Clearly, the parties, by adding the second sentence as a qualification of the first, contemplated that a challenge to the foreclosure sale would be cause to seek a preliminary injunction against enforcement of the execution for possession. *Second,* on the evidence before me, the Mortgagee breached its duty of good faith to the Debtors by failing to produce documents and other evidence relating to the foreclosure sale, despite repeated timely requests by the Debtors for such information. The requested information was critical to a decision to file a complaint; and the Mortgagee was obligated to produce it, not only as a foreclosing mortgagee faced with a request for information by consumer borrowers but as the counter-party to the Agreement for Judgment. Under principles of contract law, the 20-day period should be deemed extended through the commencement of this action, in order to give the Debtors the benefit of their agreement, which benefit would otherwise be nullified by the Mortgagee's non-cooperation.

I further find that good cause exists for the issuance of the requested preliminary injunction, namely, that (a) the original mortgage loan and subsequent forbearance agreement appear to

have been premised upon significant misrepresentations, on which the Debtors relied to their detriment, by one or more of the Defendants regarding financial and other terms and conditions and (b) the foreclosure sale appears not to be in compliance with all of the requirements of Massachusetts foreclosure law including the obligation to act in good faith and to use reasonable diligence to protect the interests of the Debtors.[4]  *See BFP v. Resolution Trust Corp.*, 511 U.S. 531, 546 (1994); *Williams v. Resolution GGF OY,* 417 Mass. 377, 382-83 (1994)*; In re Strayton,* 360 B.R. 8, 11 (Bankr. D. Mass. 2007).

The Court further finds that, on the facts thus far presented, the Debtors are reasonably likely to prevail on their contentions; that the Debtors will suffer irreparable harm if the requested injunctive relief is not granted; that such harm to the Debtors outweighs any harm which granting such injunctive relief will inflict on the Defendants; and that the public interest is better served by such grant.  *See Gately v. Massachusetts,* 2 F. 3d 1221, 1224 (1st Cir. 1993).

Accordingly, the Court hereby ORDERS that the Defendants, and their agents, owners, employees and assigns are hereby enjoined until further order of the Court from taking any action in respect of the Agreement and its underlying judgment for possession including any action to obtain possession of the subject property or to interfere with the Debtors' possession and enjoyment thereof.

Date: November 30, 2007            *Robert Somma*
                                    Robert Somma
                                    United States Bankruptcy Judge

cc:  Robert Cabana, Esq., Counsel to Debtors
     Victor Manougian, Esq., Counsel to AMC Mortgage Services, Inc.

---

[4]It appears that Deutsche Bank acquired the property at the foreclosure sale for a credit bid of $167,030.15. The Debtors contend that the property then had a market value of $317,000 and an assessed value of $314,000.